| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 11 | VICENTE BATALON, | 1:11-cv-01221-SMS (HC) |
| 12 | | ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |
| 13 | Petitioner, | |
| 14 | vs. | |
| 15 | WARDEN GONZALES, | |
| 16 | | |
| 17 | Respondent. | |
| 18 | _____/ | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from Alameda County, which is in the

1  Northern District of California.  Therefore, the petition should have been filed in the United States
2  District Court for the Northern District of California.  In the interest of justice, a federal court may
3  transfer a case filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); <u>Starnes v.</u>
4  <u>McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
5       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
6  District Court for the Northern District of California.
7  IT IS SO ORDERED.
8  **Dated:  July 28, 2011**          /s/ **Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE