UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VICENTE BATALON,

    Petitioner,

v.

Mr. GONZALES, Warden,

    Respondent.

No. C-11-3810 EMC (pr)

**ORDER ON INITIAL REVIEW**

## INTRODUCTION

Vicente Batalon, an inmate at the California Correctional Institution in Tehachapi, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

The petition and attachments thereto provide the following information: Batalon pled no contest and was convicted in Alameda County Superior Court of five counts of committing a lewd act on a dependent adult, *see* Cal. Penal Code § 288(c)(2). In 2007, he was sentenced to ten years in state prison.

It does not appear that Batalon appealed his conviction. He did, however, file habeas petitions in the state courts to challenge his conviction. The California Court of Appeal denied a petition for writ of habeas corpus on May 28, 2010, and the California Supreme Court denied a petition for writ of habeas corpus on February 2, 2011.

1    Batalon then filed this action, seeking a writ of habeas corpus. This action was originally
2 filed in the Eastern District of California and was later transferred to this district. The petition has a
3 signature date of July 19, 2011, and was stamped "filed" in the Eastern District on July 25, 2011.

## DISCUSSION

5    This Court may entertain a petition for writ of habeas corpus "in behalf of a person in
6 custody pursuant to the judgment of a State court only on the ground that he is in custody in
7 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*
8 *Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the
9 respondent to show cause why the writ should not be granted, unless it appears from the application
10 that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the
11 Rules Governing Section 2254 Cases In The United States District Courts, a district court may also
12 order the respondent to file another pleading where neither summary dismissal nor service is
13 appropriate.

14    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law
15 on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas
16 corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions
17 or sentences must be filed within one year of the latest of the date on which: (1) the judgment
18 became final after the conclusion of direct review or the time passed for seeking direct review; (2)
19 an impediment to filing an application created by unconstitutional state action was removed, if such
20 action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the
21 Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to
22 cases on collateral review; or (4) the factual predicate of the claim could have been discovered
23 through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly
24 filed application for state post-conviction or other collateral review is pending is excluded from the
25 one-year time limit. *See id.* § 2244(d)(2).

26    The petition in this action was filed more than a year after Petitioner's conviction became
27 final, and may be untimely under the AEDPA's one-year limitation period. This apparent
28 procedural problem should be addressed before the Court reaches the merits of the claims raised in

the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, Respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

## **CONCLUSION**

Good cause appearing therefor,

1. The Clerk shall serve by certified mail a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent must file with the Court and serve upon Petitioner, on or before **February 3, 2012**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3. If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **March 9, 2012**.

4. Respondent may file and serve a reply on or before **March 26, 2012**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

6. Petitioner's *in forma pauperis* application is GRANTED. (Docket # 2.)

IT IS SO ORDERED.

Dated: December 13, 2011

_____
EDWARD M. CHEN
United States District Judge