**United States District Court**
For the Northern District of California

1
2
3
4
5                       UNITED STATES DISTRICT COURT
6                     NORTHERN DISTRICT OF CALIFORNIA
7
8   VICENTE BATALON,                           No. C-11-3810 EMC (pr)
9           Petitioner,
10      v.                                      **ORDER ON INITIAL REVIEW**
11  Mr. GONZALES, Warden,
12          Respondent.
13  _____/
14
15                            **INTRODUCTION**
16      Vicente Batalon, an inmate at the California Correctional Institution in Tehachapi, filed this
17  *pro se* action for  a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is now before
18  the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254
19  Cases.
20                            **BACKGROUND**
21      The petition and attachments thereto provide the following information:  Batalon pled no
22  contest and was convicted in Alameda County Superior Court of five counts of committing a lewd
23  act on a dependent adult, *see* Cal. Penal Code § 288(c)(2).  In 2007, he was sentenced to ten years in
24  state prison.
25      It does not appear that Batalon appealed his conviction.  He did, however, file habeas
26  petitions in the state courts to challenge his conviction.  The California Court of Appeal denied a
27  petition for writ of habeas corpus on May 28, 2010, and the California Supreme Court denied a
28  petition for writ of habeas corpus on February 2, 2011.

Batalon then filed this action, seeking a writ of habeas corpus.  This action was originally filed in the Eastern District of California and was later transferred to this district.  The petition has a signature date of July 19, 2011, and was stamped "filed" in the Eastern District on July 25, 2011.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after Petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period.  This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in

**United States District Court**
For the Northern District of California

1   the petition.  If the petition is time-barred, the litigants and court need not expend resources

2   addressing the claims in the petition.  Accordingly, pursuant to Rule 4 of the Rules Governing

3   Section 2254 Cases In The United States District Courts, Respondent must either (1) move to

4   dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of

5   the opinion that a motion to dismiss is unwarranted in this case.

6                                                    **CONCLUSION**

7            Good cause appearing therefor,

8            1.       The Clerk shall serve by certified mail a copy of this order and the petition upon

9    Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk

10   shall also serve a copy of this order on Petitioner.

11           2.       Respondent must file with the Court and serve upon Petitioner, on or before

12   **February 3, 2012**, a motion to dismiss the petition or a notice that Respondent is of the opinion that

13   a motion to dismiss is unwarranted.

14           3.       If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an

15   opposition with the Court and serving it upon Respondent on or before **March 9, 2012**.

16           4.       Respondent may file and serve a reply on or before **March 26, 2012**.

17           5.       The motion will be deemed submitted as of the date the reply brief is due.  No

18   hearing will be held on the motion.  If Respondent notifies the Court that a motion to dismiss is

19   unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine

20   whether to require an answer to the petition.

21           6.       Petitioner's *in forma pauperis* application is GRANTED.  (Docket # 2.)

22

23           IT IS SO ORDERED.

24

25   Dated:  December 13, 2011

26                                                                    _____
                                                                          EDWARD M. CHEN
27                                                                        United States District Judge

28